No. 13-15115

# United States Court Of Appeals
# For The Ninth Circuit

JAN SAMZELIUS,

*Plaintiff and Appellant,*

vs.

BANK OF AMERICA, N.A., et al.,

*Defendants and Appellees.*

*Appeal from a judgment of dismissal of the United States District Court
for the Northern District of California, No. CV12-03295 EDL
Hon. Elizabeth D. LaPorte, U.S. Magistrate Judge*

# Appellees' Brief

Jan T. Chilton (State Bar No. 47582)
Jon D. Ives (State Bar No. 230582)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants and Appellees
Wells Fargo Bank, N.A. and Bank of America, N.A.,
as Successor by Merger to LaSalle Bank National Association
as Trustee for Morgan Stanley Loan Trust 2006-3AR

# CORPORATE DISCLOSURE STATEMENT
[Fed. R. App. 26.1]

Pursuant to Fed. R. App. P. 26.1, defendants and appellees state:

Wells Fargo & Company, a publicly traded bank holding company, owns more than 10% of the shares of Wells Fargo Bank, N.A.

Bank of America Corporation, a publicly held corporation, directly or indirectly owns 10% or more of Bank of America, N.A.

# TABLE OF CONTENTS

*Page*

I.   JURISDICTIONAL STATEMENT ................................................................ 1

II.   ISSUE FOR REVIEW .................................................................................... 1

III.   STATEMENT OF THE CASE ...................................................................... 1

IV.   STATEMENT OF FACTS ............................................................................. 4

V.   STANDARD OF REVIEW ............................................................................ 5

VI.   SUMMARY OF ARGUMENT ...................................................................... 7

VII.   SAMZELIUS'S SOLE ARGUMENT ON APPEAL IS A NON-SEQUITOR ................................................................................................... 8

VIII.   SAMZELIUS MAKES NO EFFORT TO PROPERLY BRIEF THIS APPEAL AND THEREFORE WAIVES ANY CONTENDED ERROR ...................................................................................................... 10

IX.   THE DISTRICT COURT CORRECTLY DISMISSED THE FIRST AMENDED COMPLAINT ..................................................................... 11

     A.   Samzelius Lacks Standing To Assert The Faulty Transfer Theory............................................................................................... 11

     B.   The Challenge To MERS Supports No Claim For Relief.................. 16

     C.   The Declaratory Relief, Quasi-Contract, And Section 17200 Claims Were Properly Dismissed ...................................................... 22

     D.   The District Court Properly Dismissed The FAC's Remaining Causes Of Action Because They Were Asserted Without Leave To Amend ......................................................................................... 23

X.   CONCLUSION............................................................................................. 25

# TABLE OF AUTHORITIES

*Page(s)*

## CASES

*AE ex rel. Hernandez v. Cnty. of Tulare*,
  666 F.3d 631 (9th Cir. 2012) ................................................................6

*Aguilar v. Bocci*,
  39 Cal.App.3d 475 (1974) ...................................................................24

*Alperin v. Vatican Bank*,
  410 F.3d 532 (9th Cir. 2005) ................................................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................................6

*Bartold v. Glendale Fed. Bank*,
  81 Cal.App.4th 816 (2000) .................................................................24

*Bateman v. Countrywide Home Loans*,
  2012 WL 5593228 (D. Haw. 2012) ....................................................12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 554 (2007)...............................................................................6

*Benham v. Aurora Loan Servs.*,
  2009 WL 2880232 (N.D. Cal. 2009) ..................................................17

*Bennett v. One West Bank*,
  2011 WL 2493699 (S.D. Cal. 2011)....................................................14

*Bowen v. Oistead*,
  125 F.3d 800 (9th Cir. 1997) ................................................................7

*Bradbury v. Thomas*,
  135 Cal.App.2d 435 (1933) .................................................................24

*Branch v. Tunnell*,
  14 F.3d 449 (9th Cir. 1994) ..................................................................6

*Bridge v. Aames Capital Corp.*,
  2010 WL 3834059 (N.D. Ohio 2010)..................................................12

*Brownfield v. City of Yakima*,
  612 F.3d 1140 (9th Cir. 2010) ............................................................10

# TABLE OF AUTHORITIES

*Page(s)*

*Calvo v. HSBC Bank USA, NA,*
    199 Cal.App.4th 118 (2011) ...............................................................................16

*Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu,*
    626 F.3d 483 (9th Cir. 2010) ...........................................................................10

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.,*
    911 F.2d 242 (9th Cir. 1990) ..............................................................................9

*In re Correia,*
    452 B.R. 319 (1st Cir. BAP 2011)....................................................................14

*Debrunner v. Deutsche Bank Nat'l Trust Co.,*
    204 Cal.App.4th 433 (2012) .......................................................................15, 21

*Derusseau v. Bank of Am., N.A.,*
    2012 WL 1059928 (S.D. Cal. 2012)................................................................23

*Durell v. Sharp Healthcare,*
    183 Cal.App.4th 1350 (2010) ..........................................................................22

*Edward Brown & Sons v. City & County of San Francisco,*
    36 Cal.2d 272 (1950) .......................................................................................17

*FDIC v. Dintino,*
    167 Cal.App.4th 333 (2008) ............................................................................22

*Federal Deposit Ins. Corp. v. Super. Ct.,*
    54 Cal.App.4th 337 (1997) ..............................................................................20

*Flores v. GMAC Mortg., LLC,*
    2013 WL 2049388 (N.D. Cal. 2013) ...............................................................12

*Flowers v. First Hawaiian Bank,*
    295 F.3d 966 (9th Cir. 2002) .............................................................................6

*Fontenot v. Wells Fargo Bank, N.A.,*
    198 Cal.App.4th 256 (2011) .....................................................................*passim*

*Gavina v. Smith,*
    25 Cal.2d 501 (1944) .......................................................................................17

# TABLE OF AUTHORITIES

*Page(s)*

*Gayton v. Pac. Fruit Express Co.*,
127 Cal.App. 50 (1932) ...................................................................20

*Gilmore v. Am. Mortg. Network*,
2012 WL 6193843 (C.D. Cal. 2012) .................................................14

*Gomes v. Countrywide Home Loans, Inc.*,
192 Cal.App.4th 1149 (2011) ....................................................15, 16

*Graham v. ReconTrust Co., N.A.*,
2012 WL 1035712 (D. Or. 2012) .....................................................14

*Grove v. Mead Sch. Dist. No. 354*,
753 F.2d 1528 (9th Cir. 1985) ...................................................13, 19

*In re Heather B.*,
9 Cal.App.4th 535 (1992) .................................................................20

*Herrera v. Federal Nat'l Mortg. Ass'n*,
205 Cal.App.4th 1495 (2012) ....................................................15, 16

*Hoover v. Blue Cross & Blue Shield of Alabama*,
855 F.2d 1538 (11th Cir. 1988) ........................................................23

*Horvath v. Bank of New York, N.A.*,
2010 WL 538039 (E.D. Va. 2010) ....................................................18

*James v. Recontrust Co.*,
2011 WL 3841558 (D. Or. 2011) ......................................................18

*Jenkins v. JP Morgan Chase Bank, N.A.*,
216 Cal.App.4th 497, 2013 WL 2145098 (2013)...................12, 13, 22

*Jogani v. Super. Ct.*,
165 Cal.App.4th 901 (2008) .............................................................22

*Kahle v. Gonzales*,
487 F.3d 697 (9th Cir. 2007) ..............................................................5

*Knapp v. Doherty*,
123 Cal.App.4th 76 (2004) ...............................................................21

# TABLE OF AUTHORITIES

*Page(s)*

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) ...............................................................5

*Kusior v. Silver*,
54 Cal.2d 603 (1960) ...........................................................................20

*Labra v. Cal-W. Reconveyance Corp.*,
2010 WL 889537 (N.D. Cal. 2010) .....................................................17

*Lane v. Vitek Real Estate Indus. Grp.*,
713 F.Supp.2d 1092 (E.D. Cal. 2010) .................................................17

*Lawson v. CitiCorp Trust Bank, FSB*,
2011 WL 3439223 (E.D. Cal. 2011) .....................................................14

*Lindsay v. America's Wholesale Lender*,
2012 WL 83475 (C.D. Cal. 2012) .......................................................14

*Liu v. T&H Machine, Inc.*,
191 F.3d 790 (7th Cir. 1999) ...............................................................12

*Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*,
717 F.Supp.2d 724, *aff'd*, 399 Fed.Appx. 97 (6th Cir. 2010) ............14

*Long v. One West Bank, FSB*,
2011 WL 3796887 (N.D. Ill. 2011) .....................................................14

*In re Marks*,
2012 WL 6554705 (9th Cir. BAP 2012) ..............................................14

*McBride v. Boughton*,
123 Cal.App.4th 379 (2004) ................................................................22

*McGough v. Wells Fargo Bank, N.A.*,
2012 WL 2277931 (N.D. Cal. 2012) ....................................................14

*McReynolds v. HSBC Bank USA*,
2012 WL 5868945 (N.D. Cal. 2012) ....................................................23

*Melchior v. New Line Prods., Inc.*,
106 Cal.App.4th 779 (2003) ................................................................22

## TABLE OF AUTHORITIES

*Page(s)*

*Melendrez v. D&I Investment, Inc.*,
  127 Cal.App.4th 1238 (2005) ...............................................................20

*Merino v. EMC Mortg. Corp.*,
  2010 WL 1039842 (E.D. Va. 2010) .....................................................18

*Miller v. Provost*,
  26 Cal.App.4th 1703 (1994) .................................................................24

*Mobine v. OneWest Bank, FSB*,
  2012 WL 243351 (S.D. Cal. 2012)........................................................22

*Murray v. Archambo*,
  132 F.3d 609 (10th Cir. 1998) ..............................................................23

*Outdoor Media Group, Inc. v. City of Beaumont*,
  506 F.3d 895 (9th Cir. 2007) ..................................................................6

*Pullen v. Heyman Bros.*,
  71 Cal.App.2d 444 (1945) .....................................................................20

*Quail Lake Owners Ass'n v. Kozina*,
  204 Cal.App.4th 1132 (2012) ..........................................................13, 19

*Robertson v. DLJ Mortg. Cap., Inc.*,
  2012 WL 4840033 (D. Ariz. 2012) .......................................................12

*Robinson v. Countrywide Home Loans, Inc.*,
  199 Cal.App.4th 42 (2011) ...................................................................15

*Sami v. Wells Fargo Bank*,
  2012 WL 967051 (N.D. Cal. 2012) .......................................................14

*Saxon Mortg. Servs., Inc. v. Hillery*,
  2009 WL 2435926 (N.D. Cal. 2009) .....................................................18

*Shimpones v. Stickney*,
  219 Cal. 637 (1934) ..............................................................................24

*In re Silicon Graphics Inc. Sec. Litig.*,
  183 F.3d 970 (9th Cir. 1999) ..................................................................6

## TABLE OF AUTHORITIES

*Page(s)*

*Stansfield v. Starkey*,
 220 Cal.App.3d 59 (1990) ...................................................................24

*Stebley v. Litton Loan Servicing, LLP*,
 202 Cal.App.4th 522 (2011) ...............................................................24

*Tapia v. U.S. Bank, N.A.*,
 718 F.Supp.2d 689 (E.D. Va. 2010) ...................................................18

*Taylor v. City of San Bernardino*,
 2010 WL 5641065 (C.D. Cal. 2010) ...................................................23

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sale Practices,
 & Prods. Liab. Litig.*,
 754 F.Supp.2d 1145 (C.D. Cal. 2010) ................................................22

*U.S. Hertz, Inc. v. Niobrara Farms*,
 41 Cal.App.3d 68 (1974) .....................................................................20

*United States ex rel. Chunie v. Ringrose*,
 788 F.2d 638 (9th Cir. 1986) ................................................................5

*United States v. Graf*,
 610 F.3d 1148 (9th Cir. 2010) .............................................................10

*United States v. Healthsouth Corp.*,
 332 F.3d 293 (5th Cir. 2003) ...............................................................23

*In re Verifone Secs. Litig.*,
 11 F.3d 865 (9th Cir. 1993) ..................................................................5

*W. Radio Servs. Co. v. Qwest Corp.*,
 678 F.3d 970 (9th Cir. 2012) ..............................................................10

*Warth v. Seldin*,
 422 U.S. 490 (1975) ......................................................................13, 19

*Williams v. U.S. Bank Nat'l Ass'n*,
 2011 WL 2293260 (E.D. Mich. 2011) .................................................12

*In re Wright*,
 2012 WL 27500 (Bankr. D. Haw. 2012) .............................................14

# TABLE OF AUTHORITIES

*Page(s)*

*Wurtzberger v. Resmae Mortg. Corp.*,
   2010 WL 1779972 (E.D. Cal. 2010)................................................................17

*Zucco Partners v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) ........................................................................6

## STATUTES

United States Code
   Title 15
      § 1692 et seq. ............................................................................................1
   Title 18
      § 1951 et seq. ............................................................................................1
   Title 28
      § 1291 ........................................................................................................1
      § 1331 ........................................................................................................1

Business & Professions Code
      § 17200 ........................................................................................3, 21, 23

Civil Code
      § 2934a.....................................................................................................20
      § 3515 ......................................................................................................17
      § 3517 ......................................................................................................17

Penal Code
      § 518 ........................................................................................................24

Uniform Commercial Code
      § 9203(g)...................................................................................................18
      UCC cmt. ¶ 9 ...........................................................................................18

## RULES

Federal Rules of Appellate Procedure
      Rule 28.....................................................................................................10

Federal Rules of Civil Procedure
      Rule 8 ....................................................................................................6, 7
      Rule 12.....................................................................................................5, 6
      Rule 15.....................................................................................................23

# TABLE OF AUTHORITIES

*Page(s)*

## OTHER AUTHORITIES

Black's Law Dictionary 596 (8th ed. 2004) ............................................20

4 Miller & Starr, Cal. Real Estate, § 10:38 (3d ed. 2011) .......................17

29 Williston on Contracts § 74:50 (4th ed.)............................................12

1 Witkin, Cal. Evid. 4th, Burden, § 160, p. 301 (2000)...........................20

http://www.uniformlaws.org/Shared/Committees_Materials/.................18

UCC Permanent Editorial Bd., *Report: Application of the Uniform Commercial Code to Selected Issues Relating to Mortgage Notes*, p. 12 (Nov. 14, 2011).................................................................................17

# I.

## JURISDICTIONAL STATEMENT

The district court had federal question jurisdiction of this case under 28 U.S.C. § 1331 as the complaint tried to allege claims under two federal statutes: the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) and the Hobbs Act (18 U.S.C. § 1951 et seq.).  E.R. 39-40; 43-45.

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

A final judgment of dismissal was entered on January 3, 2013.  E.R. 433. Plaintiff Jan Samzelius filed his notice of appeal on January 16, 2013.  E.R. 435-36.

# II.

## ISSUE FOR REVIEW

Was the first amended complaint ("FAC") properly dismissed without leave to amend?

# III.

## STATEMENT OF THE CASE

Samzelius filed this suit in June, 2012.  E.R. 2-49.  His original complaint was a compendium of well-worn, meritless foreclosure delay theories.  E.R. 2-49.

All named parties consented to the Magistrate Judge's jurisdiction in August 2012.  Supp. E.R. 1-4.  Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), the servicer of Samzelius' loan, and Bank of America, as Successor by Merger to

LaSalle Bank National Association as Trustee for Morgan Stanley Loan Trust 2006-3AR ("BofA") moved to dismiss.

The district court granted defendants' motion, dismissing several causes of action without leave to amend, and cautioning Samzelius not to replead the theories that "Defendant lacked authority to foreclose because it did not possess the original note" or that "Defendant lacked authority to foreclose because there was no timely transfer to the securitized trust."  E.R. 191-203.

Samzelius filed his FAC.  With only slight tweaks, its factual allegations are nearly identical to the original complaint's.  E.R. 205-52.

The FAC alleges that after First California Mortgage Company ("First California") originated the loan, it "attempted to securitize and/or sell their loan to another entity or entities," but, on information and belief, it "never sold, transferred, or granted the Note or Mortgage to the Sponsor or Depositor of 'Morgan Stanley Loan Trust 2006-3AR', or [BofA] and that [BofA] is merely a third-party stranger to the loan transaction."  E.R. 214.  As a result, "none of the Defendants were or are present holders in due course of Plaintiff's Note such that they can enforce Plaintiff's obligation and demand mortgage payments" or exercise the power of sale in the trust deed.  E.R. 228; *see also* E.R. 212. Defendants' attempts to collect payments on the note and enforce the power of sale

clause in the trust deed constituted unlawful debt collection, extortion, and unjust enrichment.

Since, it alleges, "[t]he Note and Mortgage were never assigned to [BofA] and/or WFB, … therefore [First California] or some unknown entity remained the beneficial owner of the Note and Mortgage." E.R. 227. Samzelius avers this has left him potentially exposed to third party attempts to collect on the loan. E.R. 215, 235.

Moreover, Samzelius alleges that despite his designating it as the beneficiary in the trust deed, Mortgage Electronic Registration Systems, Inc. ("MERS") is "not a true pecuniary beneficiary" because it did not "receive any valuable consideration for Plaintiff's Note and Mortgage" and therefore did not have the authority to appoint NDEx West, LLC ("NDEx") as the new trustee under the trust deed or assign its interests under the trust deed to BofA. E.R. 217. Additionally, the persons who signed the substitution of trustee and the assignment of deed of trust lacked authority to do so because they were not actually employees or agents of MERS. E.R. 217-22. The substitution of trustee and assignment of deed of trust were therefore fraudulent and ineffective documents. E.R. 217-26.

In the alternative, Samzelius avers that if MERS did have any power to assign its interests in the deed of trust, doing so "split" the note and the trust deed rendering both unenforceable. E.R. 229-31.

Based on these allegations, the FAC asserted causes of action for: (1) declaratory relief; (2) quasi-contract; (3) violation of California Business & Professions Code § 17200; (4) civil extortion; (5) wrongful foreclosure; and (6) quiet title. Samzelius neither requested nor was granted leave to add the final three claims. E.R. 427.

BofA and Wells Fargo again moved to dismiss. E.R. 302-18. Finding it stated no claim for relief, the district court dismissed the FAC without further leave to amend. E.R. 414-31. A judgment of dismissal was entered on January 3, 2013. E.R. 433.

Despite the final judgment, and this pending appeal, Samzelius refiled virtually the same complaint against BofA in San Francisco Superior Court on June 7, 2013 (Case No. CGC-13-531974).

## IV.

## STATEMENT OF FACTS

In 1996, Samzelius borrowed $528,000 to buy a house at 3240 Lyon Street in San Francisco. E.R. 214; 331-41. About a decade later, he refinanced with a $1,274,000 loan from First California. E.R. 214; 261-80; 343-62. This loan was secured by a trust deed on the Lyon Street property. E.R. 214; 261-80; 343-62. The trust deed names Standard Trust Deed Service Company as the trustee and MERS as the beneficiary and nominee for the lender. E.R. 214; 261-63; 343-45.

After Samzelius defaulted, NDEx, acting as MERS' agent, recorded a notice of default in 2010. E.R. 289-91; 364-66.

A few months later, MERS appointed NDEx as the new trustee under the trust deed. E.R. 282-83; 368-69. At about the same time, MERS assigned its interests under the trust deed to BofA. E.R. 285; 371.

Thereafter, NDEx recorded three notices of trustee's sale (E.R. 293-99; 373-79), eventually selling the Lyon Street property to BofA as the foreclosing beneficiary (E.R. 384-85). BofA purchased the property for $1,601,840.90, the amount of unpaid debt. E.R. 384-85.

A few months before the sale, Samzelius filed a lawsuit in San Francisco Superior Court against BofA and Wells Fargo, among others (Case No. CGC-12-519261). E.R. 381-82. Shortly before defendants' scheduled demurrer hearing, he voluntarily dismissed the state court action. Then he filed this suit.

## V.

## STANDARD OF REVIEW

This Court reviews a dismissal under Fed. R. Civ. P. 12(b)(6) de novo. *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The complaint's properly pleaded facts are presumed

true.  Conclusions of law are not.[1]  The Court also considers facts which may be judicially noticed[2] or which appear from documents "whose contents are alleged in a complaint and whose authenticity no party questions"—even if the document is not physically attached to the complaint.[3]

Under Fed. R. Civ. P. 8 and 12(b)(6), to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  "A claim has facial plaus-ibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Dismissal of a complaint without leave to amend is reviewed for abuse of discretion.  *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).  Though this Court is "cautious in approving a district court's decision to deny pro se litigants leave to amend," it affirms when "it is clear that the deficien-

---

[1] *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re Verifone Secs. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993); *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

[2] *Zucco Partners v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009); *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007).

[3] *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

cies cannot be cured by amendment" or that "amendment would be futile." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

To preserve error in the district court's denial of leave to amend, a plaintiff must show that he or she requested leave to amend in the district court and explained to that court how he or she could amend the complaint to state a claim meeting Rule 8(a) or 9(b) standards. *See Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997).

## VI.

## SUMMARY OF ARGUMENT

After defaulting on his $1.2 million mortgage loan, Samzelius sued the owner, BofA, and servicer, Wells Fargo, of his loan, claiming they had no interest in his loan and no right to foreclose. Those claims had no merit and were rightly dismissed by the district court.

On appeal, Samzelius' perfunctory opening brief presents only one half-hearted and flawed argument: Having been granted leave to amend once, Samzelius should have been granted the same privilege a second time. Samzelius is wrong. The district court does not abuse its discretion in granting leave to amend only once, particularly when Samzelius' amended complaint adds nothing new and cures none of the defects in his original complaint, thus showing that granting further leave would be futile.

Samzelius' opening brief otherwise raises no other issue for review. It does not argue that a single one of the FAC's individual causes of action is legally viable or that the district court erred in dismissing it. The brief makes no attempt to show that any of the causes of action may be amended to state a claim for relief. Samzelius' deficient brief waives any supposed error in the district court's dismissal of his defective claims.

The judgment of dismissal should be affirmed.

## VII.

## SAMZELIUS'S SOLE ARGUMENT ON APPEAL IS A NON-SEQUITOR

Samzelius's sole argument on appeal is that:

> [T]he Federal District Court erred and/or abused its discretion in dismissing the pending case without permitting Samzelius leave to amend. This is especially relevant because the same court had previously determined that Samzelius's claims, as set forth in his original complaint, could be saved on appeal.

A.O.B. 7.

In other words, Samzelius contends that the district court abused its discretion because, having granted him leave to amend once, it did not do so again. But it does not follow that a court that grants leave to amend once should then grant leave to amend again, particularly when, as here, there has been no substantive changes to the pleading. Samzelius filed a boilerplate complaint stuffed with allegations lifted wholesale from the internet. Although finding that it

failed to state a claim for relief as a matter of law, the district court granted Samzelius a second chance to plead any claims.

Samzelius then refiled the same cookie-cutter complaint asserting near-universally rejected theories, with no substantive revisions other than eliminating the causes of action that had been dismissed without leave to amend and inserting new ones without permission.  In light of there being no relevant revisions or new factual allega-tions, the district court was not required to grant Samzelius leave to refile the same complaint a third time.

The district court did not abuse its discretion in denying Samzelius leave to amend to file a third complaint.  Neither in that court nor in this one has Samzelius suggested how he could amend to state any viable claim.  The district court could also properly take into account the fact that Samzelius' complaints had been copied from other unsuccessful foreclosure delay suits.  Just as a district court need not give tax protesters a second shot at their meritless claims, so it need not give defaulted borrowers additional chances to copy and file meritless form complaints. It is not an abuse of discretion to deny leave to amend when, as is true here, the complaint's defects cannot be cured and any amendment would be futile.  *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curiam).

# VIII.

## SAMZELIUS MAKES NO EFFORT TO PROPERLY BRIEF THIS APPEAL AND THEREFORE WAIVES ANY CONTENDED ERROR

Other than arguing that he should have been granted leave to amend, Samzelius makes no sincere effort to brief this appeal. He has therefore waived any supposed error with the district court's ruling and ensuing judgment.

An appellants' opening brief must contain the appellants' "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies …." Fed. R. App. P. 28(a)(9)(A). Failure to provide meaningful argument or reasoning supporting a contention constitutes a waiver or abandonment of the issue on appeal. *See W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012); *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487-88 (9th Cir. 2010); *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010) ("We review only issues [that] are argued specifically and distinctly in a party's opening brief."); *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

The Court does not "consider matters on appeal that are not specifically and distinctly argued in appellants' opening brief." *Christian Legal Soc'y*, 626 F.3d at 487 (citation omitted). And the Court "will not do … appellant[s'] work for

[them], either by manufacturing [their] legal arguments, or by combing the record on [their] behalf for factual support." *W. Radio Servs.*, 678 F.3d at 979.

Samzelius presents no cogent analysis of any error in the district court's reasoning or holding and therefore has waived any alleged error on appeal. Samzelius neither mentions nor briefs a single cause of action asserted in his FAC. He does not even attempt to show that any one of them either states a claim for relief or that any one of them may be amended to state a claim for relief. Offering no argument or analysis about these claims, Samzelius therefore waives any supposed error in their dismissal.

## IX.

### THE DISTRICT COURT CORRECTLY DISMISSED THE FIRST AMENDED COMPLAINT

Samzelius' claims were as defective as his opening brief on appeal. Each of the FAC's claims was flawed on legal grounds and was correctly dismissed.

### A. Samzelius Lacks Standing To Assert The Faulty Transfer Theory

The FAC's claims all emanate from the theory that the loan was not effectively transferred from First California to BofA. Thus, either First California remained the owner or First California transferred the loan to some unknown entity which is the real owner of the loan. This allegation, asserted on information and belief, is without merit.

Even were it factually true, the theory does not entitle Samzelius to any relief. If BofA or Wells Fargo falsely claimed an interest in the loan, it was First California or the unknown true owner that was harmed. And only First California or the owner has standing to sue regarding the supposedly faulty transfer.

Because their rights are unaffected, borrowers lack standing to sue based on supposed defects in loan transfers.[4] As explained in *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272 (2011), if "MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note." *See also Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, __, 2013 WL 2145098, *9 (2013) ("even if any subsequent transfers of the promissory note were

---

[4] *See, e.g., Liu v. T&H Machine, Inc.*, 191 F.3d 790, 797 (7th Cir. 1999) (a third party "lacks standing to attack any problems with the reassignment."); *Flores v. GMAC Mortg., LLC*, 2013 WL 2049388, *3 (N.D. Cal. 2013) ("Third-party borrowers lack standing to assert problems in the assignment of the loan."); *Bateman v. Countrywide Home Loans*, 2012 WL 5593228, *4 (D. Haw. 2012) ("This court has held on numerous occasions that borrowers like Bateman generally lack standing to challenge the assignments of their loans."); *Robertson v. DLJ Mortg. Cap., Inc*., 2012 WL 4840033, *10 (D. Ariz. 2012); *Williams v. U.S. Bank Nat'l Ass'n*, 2011 WL 2293260, *1 (E.D. Mich. 2011) ("To the extent Plaintiffs challenge any assignment from MERS to U.S. Bank, Plaintiffs lack standing to do so because they were not a party to those assignments."); *Bridge v. Aames Capital Corp*., 2010 WL 3834059, *3 (N.D. Ohio 2010) ("Courts have routinely found that a debtor may not challenge an assignment between an assignor and assignee."); *see also* 29 Williston on Contracts § 74:50 (4th ed.) (noting that a debtor may not assert that an assignment is voidable because it cannot be assumed that the assignor desires the voiding of the assignment).

invalid, Jenkins is not the victim of such invalid transfers because her obligations under the note remained unchanged.").

Since an assignment "merely substituted one creditor for another, without changing [the plaintiff's] obligations under the note," the borrower was not harmed even if there was a defect in the manner in which the loan was transferred. *Fontenot*, 198 Cal.App.4th at 272.

The same reasoning applies here. If the transfer of Samzelius' loan was defective, it was the loan's owner, not Samzelius who was harmed by another party assigning its loan without authority or foreclosing on the loan without the true owner's consent. Only the loan's true owner may sue to protect its interests. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."); *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1531 (9th Cir. 1985) ("[L]imitations on the exercise of jurisdiction include a general prohibition on a litigant's raising another's rights."); *Quail Lake Owners Ass'n v. Kozina*, 204 Cal. App.4th 1132, 1137 (2012). Any issue about the validity of the transfer of the loan is of concern only to the transferor and transferee. An invalid transfer did not alter or end Samzelius' obligation to repay his loan.

For the same reason, Samzelius' allegation that his loan was not transferred to the securitized trust before the trust's closing date fails to state a claim for relief.

He is not a party to or a third party beneficiary of the pooling and service agreement which governed sale and transfer of his loan to the securitized trust.[5] So he cannot enforce its provisions requiring transfer of assets to the trust before its closing date. Nor does belated transfer somehow absolve him of his debt or his property of its encumbrance.

Samzelius is also wrong in claiming that a transferee of his note must prove an unbroken chain of endorsements in order to be repaid a loan or to foreclose under Samzelius' deed of trust upon his default. A deed of trust can be enforced

---

[5] *See, e.g.*, *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, __, 2013 WL 2145098, *9 (2013) ("even if the asserted improper securitization (or other invalid assignments or transfers of the promissory note subsequent to her execution of the note on March 23, 2007) occurred," Jenkins, as an unrelated third party to the transfers, lacked standing to enforce any alleged violation of the PSA); *In re Marks*, 2012 WL 6554705, *10 (9th Cir. BAP 2012) ("we fail to see how Marks has standing to assert breaches of a trust agreement to which she was not a party or even a third-party beneficiary."); *Graham v. ReconTrust Co., N.A.*, 2012 WL 1035712, *4 (D. Or. 2012) ("a borrower such as Plaintiff does not have standing to assert a violation of a PSA to which she is not a party."); *Gilmore v. Am. Mortg. Network*, 2012 WL 6193843, *5 (C.D. Cal. 2012); *McGough v. Wells Fargo Bank, N.A.*, 2012 WL 2277931, *4 (N.D. Cal. 2012); *Sami v. Wells Fargo Bank*, 2012 WL 967051, *6 (N.D. Cal. 2012) (finding "that [plaintiff] lacks standing ... because she is neither a party to, nor a third party beneficiary of, that agreement"); *Lindsay v. America's Wholesale Lender*, 2012 WL 83475, *3 (C.D. Cal. 2012); *In re Wright*, 2012 WL 27500, *3 (Bankr. D. Haw. 2012); *In re Correia*, 452 B.R. 319, 324 (1st Cir. BAP 2011); *Long v. One West Bank, FSB*, 2011 WL 3796887, *4 (N.D. Ill. 2011); *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 717 F.Supp.2d 724, 748, *aff'd*, 399 Fed.Appx. 97 (6th Cir. 2010).

without any need to prove possession of the note or "holder in due course" status.[6]
Moreover, the borrower cannot file an exploratory suit requiring the beneficiary to step forward and prove it has the authority to enforce the note. *See Herrera v. Federal Nat'l Mortg. Ass'n*, 205 Cal.App.4th 1495, 1505-06 (2012); *Debrunner v. Deutsche Bank Nat'l Trust Co*., 204 Cal.App.4th 433, 440-42 (2012); *Robinson v. Countrywide Home Loans, Inc*., 199 Cal.App.4th 42, 46 (2011); *Fontenot v. Wells Fargo Bank, N.A*., 198 Cal.App.4th 256, 269-70 (2011); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1155 (2011).

As explained in *Gomes*, 192 Cal.App.4th at 1155, "nowhere does the [nonjudicial foreclosure] statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action." Allowing such suits "would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." *Ibid*. A

---

[6] The theory that only one who possesses the original promissory note or only a holder in due course of the promissory note (as defined by the UCC) may enforce the deed of trust is wholly discredited. *See, e.g., Lawson v. CitiCorp Trust Bank, FSB*, 2011 WL 3439223, *5 (E.D. Cal. 2011) (the "'holder in due course' theory is not cognizable under California law."); *Bennett v. One West Bank*, 2011 WL 2493699, *5 (S.D. Cal. 2011) ("This holder in due course argument has been consistently rejected by the courts. It is well-settled under California law that non-judicial foreclosures can be commenced without producing the original promissory note.").

transferee of a note does not need to prove that a note was validly transferred to it to conduct a non-judicial foreclosure.

## B.  The Challenge To MERS Supports No Claim For Relief

The role of MERS features prominently in the FAC's allegations.  Such challenges are common in foreclosure delay cases but nevertheless unavailing.

Samzelius alleges that although MERS is designated as the beneficiary under the trust deed, it was not actually the beneficiary because it held no pecuniary interest in his loan or because MERS's own rules prohibit it from holding any interest in the loan.  Thus, having no interests to assign, MERS could not assign any beneficial interests to BofA.  In the alternative, Samzelius avers that if MERS did have any power to assign its interests in the deed of trust, doing so "split" the note and the trust deed, rendering them both unenforceable.

These challenges to MERS' role have been rejected repeatedly.  *See, e.g.*, *Herrera*, 205 Cal.App.4th at 1503; *Fontenot*, 198 Cal.App.4th at 268-73; *Calvo v. HSBC Bank USA, NA*, 199 Cal.App.4th 118, 125-26 (2011); *Gomes*, 192 Cal.App.4th at 1156.

Samzelius' objection to MERS acting as the beneficiary is also undone by his own signature on the deed of trust.  That instrument provides:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's

successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument."

E.R. 263.

Samzelius cannot double-back now.[7] He is barred from doing so by contractual consent (Cal. Civ. Code § 3515; *Edward Brown & Sons v. City & County of San Francisco*, 36 Cal.2d 272, 279 (1950)) and by estoppel (Cal. Civ. Code § 3517; *Gavina v. Smith*, 25 Cal.2d 501, 505-06 (1944)).

Samzelius theory that his note and deed of trust were "split" is also wrong. By operation of law, the beneficial interest in a trust deed automatically follows the note upon transfer. So note and deed of trust cannot be separated. *See* 4 Miller &

---

[7] *Lane v. Vitek Real Estate Indus. Grp.*, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010); *Labra v. Cal-W. Reconveyance Corp.*, 2010 WL 889537, *8 (N.D. Cal. 2010) ("The deeds of trust explicitly state that MERS is the nominal beneficiary under the deeds of trust, and provide further that MERS has the right to foreclose and sell the property. In addition, MERS had the right to 'exercise any or all of these interests' and to take any action required of a lender."); *Wurtzberger v. Resmae Mortg. Corp.*, 2010 WL 1779972, *4 (E.D. Cal. 2010) (rejecting arguments that MERS lacked authority to substitute a trustee under a trust deed because it was not the true economic beneficiary or legal beneficiary given that it was expressly named as beneficiary under the deed of trust.); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1190 (N.D. Cal. 2009) (noting that "courts have been clear to allow MERS to conduct the foreclosure process when granted the power of sale provision. Since Plaintiff granted MERS the right to foreclose in his contract, his argument that MERS cannot initiate foreclosure proceedings is meritless."); *Benham v. Aurora Loan Servs.*, 2009 WL 2880232, *4 (N.D. Cal. 2009).

Starr, Cal. Real Estate, § 10:38 (3d ed. 2011); UCC Permanent Editorial Bd., *Report: Application of the Uniform Commercial Code to Selected Issues Relating to Mortgage Notes*, p. 12 (Nov. 14, 2011) ("While this question has provoked some uncertainty and has given rise to some judicial analysis that disregards the impact of Article 9, the UCC is unambiguous: the sale of a mortgage note … not accompanied by a separate conveyance of the mortgage securing the note does not result in the mortgage being severed from the note.")[8]; UCC cmt. ¶ 9 (UCC § 9203(g) codifies the "common-law rule that a transfer of an obligation secured by a security interest or other lien on personal or real property also transfers the security interest or lien.").[9] This allegation does not render the note or deed of trust unenforceable.[10]

---

[8]  *Available at* http://www.uniformlaws.org/Shared/Committees_Materials/ PEBUCC/PEB_Report_111411.pdf.

[9] *See also James v. Recontrust Co*., 2011 WL 3841558, *10-*11 (D. Or. 2011) (explaining that "the security interest embodied in the trust deed follows any transfer of the note in favor of the lender and it successors, such that the trust deed does not become split or separated from the note."); *Tapia v. U.S. Bank, N.A*., 718 F.Supp.2d 689, 700-01 (E.D. Va. 2010) (explaining that with each transfer of the promissory note, the right to enforce the deed of trust passed along with the note and rejecting plaintiff's claim that the right enforce the instruments was lost due to the transfer and securitization of the loan); *Merino v. EMC Mortg. Corp.*, 2010 WL 1039842, *3 (E.D. Va. 2010) (noting that "the so-called 'split' of the deeds of trust from the promissory notes alleged by Plaintiffs does not render the deeds unenforceable nor does it leave the promissory notes unsecured."); *Horvath v. Bank of New York, N.A.*, 2010 WL 538039, *2 (E.D. Va. 2010) (holding that plaintiff "was not discharged from his obligation under the promissory notes at issue because of his original lenders' sale and assignment of the notes" and that

(Fn. cont'd)

Finally, the FAC also avers that the persons who signed the substitution of trustee and the assignment of deed of trust lacked authority to do so because they were not actually MERS's employees or agents. E.R. 217-22. The FAC claims the substitution of trustee and assignment of deed of trust were therefore fraudulent and ineffective documents. E.R. 217-26.

Samzelius again lacks standing to assert such claims because the alleged fraud did not harm him. A forged signature would harm only the lender or beneficiary under the deed of trust, those whose signatures were forged and who were entitled to substitute trustees.[11] The same is true of the assignment of the

---

(Fn. cont'd)

"the 'split' of his promissory notes from the deeds of trust [did] not render the deeds of trust unenforceable."); *Saxon Mortg. Servs., Inc. v. Hillery*, 2009 WL 2435926, *5 (N.D. Cal. 2009) (finding that even if the promissory note and deed of trust did become separated, there was no authority to support the contention that the deed of trust becomes a nullity on separation).

[10] *See, e.g., Merino v. EMC Mortg. Corp.*, 2010 WL 1039842, *3 (E.D. Va. 2010) (noting that "the so-called 'split' of the deeds of trust from the promissory notes alleged by Plaintiffs does not render the deeds unenforceable nor does it leave the promissory notes unsecured."); *Horvath v. Bank of New York, N.A.*, 2010 WL 538039, *2 (E.D. Va. 2010) (holding that plaintiff "was not discharged from his obligation under the promissory notes at issue because of his original lenders' sale and assignment of the notes" and that "the 'split' of his promissory notes from the deeds of trust [did] not render the deeds of trust unenforceable."); *Saxon Mortg. Servs., Inc. v. Hillery*, 2009 WL 2435926, *5 (N.D. Cal. 2009) (finding that even if the promissory note and deed of trust did become separated, there was no authority to support the contention that the deed of trust becomes a nullity on separation).

[11] Section 24 of Samzelius's trust deed vests the lender with exclusive authority to substitute trustees. *See* E.R. 272.

trust deeds. Only MERS's rights were at stake in the assignment of the beneficial interest, not Samzelius'. He cannot sue to enforce MERS' or the lender's rights. *See Warth*, 422 U.S. at 499; *Grove*, 753 F.2d at 1531; *Quail Lake Owners Ass'n*, 204 Cal.App.4th at 1137.

Samzelius suffered no loss or prejudice as a result of the allegedly improper signatures on the substitution of trustee or the assignment of the deed of trust. A substitution of trustee, for instance, is simply a matter of "form, not substance." "So far as [the borrower was] concerned, it mattered not at all (nor did it have any choice) as to [who the trustee was] … under the deed of trust." *U.S. Hertz, Inc. v. Niobrara Farms*, 41 Cal.App.3d 68, 85 (1974). So, in this case, it did not matter to Samzelius who the deed of trust trustee was. He had no choice in the matter.[12]

---

[12] Samzelius also has no claim because a recorded substitution of trustee is "conclusive evidence" of the new trustee's authority to act. California Civil Code § 2934a(d) provides that "Once recorded, the substitution [of trustee] shall constitute conclusive evidence of the authority of the substituted trustee or his or her agent to act pursuant to this section." "Conclusive evidence" has been defined as "(1) Evidence so strong as to overbear any other evidence to the contrary ... (2) Evidence that so preponderates as to obligate a fact-finder to come to a certain conclusion." Black's Law Dictionary 596 (8th ed. 2004). "[N]o evidence may be received to contradict" a conclusive evidentiary presumption. 1 Witkin, Cal. Evid. 4th, Burden, § 160, p. 301 (2000); *see also Melendrez v. D&I Investment, Inc*., 127 Cal.App.4th 1238, 1250 n.17 (2005); *Pullen v. Heyman Bros*., 71 Cal.App.2d 444, 452 (1945) ("Conclusive evidence may not be contradicted."); *Gayton v. Pac. Fruit Express Co*., 127 Cal.App. 50, 61 (1932).

Because a conclusive evidentiary presumption cannot be contradicted, it is in effect a substantive rule of law. *See, e.g., Kusior v. Silver*, 54 Cal.2d 603, 619 (1960);

(Fn. cont'd)

The same is true of the assignment of the trust deed. "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." E.R. 270. As noted previously, because an assignment "merely substituted one creditor for another, without changing [the plaintiff's] obligations under the note," Samzelius was not harmed by the supposedly defective assignment. *Fontenot,* 198 Cal. App.4th at 272.

Moreover, a purported defect in these documents is insufficient to set aside a trustee's sale. A plaintiff must generally show that such a procedural irregularity resulted in some sort of prejudice to him to set aside a foreclosure. *See, e.g., Debrunner*, 204 Cal.App.4th at 443; *Fontenot*, 198 Cal.App.4th at 272 ("a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests"); *Knapp v. Doherty*, 123 Cal.App.4th 76, 86 n.4 (2004). If the persons signed the substitution or assignment on MERS's behalf but without its authorization, MERS's interests were prejudiced, not Samzelius'.

---

(Fn. cont'd)

*Federal Deposit Ins. Corp. v. Super. Ct.*, 54 Cal.App.4th 337, 346 (1997); *In re Heather B*., 9 Cal.App.4th 535, 560 (1992).

Here, the substitution of trustee was recorded. E.R. 282-83. It is "conclusive evidence" of NDEx's authority to act as the trustee under Samzelius's deed of trust, to record the notice of sale, to conduct that sale, and to issue the trustee's deed upon sale afterwards. *See* Cal. Civ. Code § 2934a(d). As a matter of law then, Samzelius cannot challenge the substituted trustee's authority to record a notice of trustee's sale or to conduct a trustee's sale.

## C.    The Declaratory Relief, Quasi-Contract, And Section 17200 Claims Were Properly Dismissed

The first three causes of action in the FAC, for declaratory relief, quasi-contract, and violation of California's Business and Professions Code § 17200, were properly dismissed because they were premised on the faulty theories above.

In addition, the FAC does not show the existence of any actual controversy to support a request for declaratory relief.  Samzelius acknowledges signing the promissory note and trust deed.  E.R. 214.  The trust deed provides that in the event of an uncured default, "Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law."  E.R. 272  Samzelius never denies defaulting or failing to cure his default.

Because "there is no dispute between the parties as to the existence of the secured home loan debt" and there is no dispute that the trust deed contains an explicit power of sale clause, there is no actual, present controversy between Samzelius and defendants.  *Cf. Jenkins*, 2013 WL 2145098, *8-*9.

The district court also properly dismissed the quasi-contract claim.  A claim for quasi-contract is synonymous with one for unjust enrichment.  *See FDIC v. Dintino*, 167 Cal.App.4th 333, 346 (2008).  It is not a recognized cause of action under California law.  *See Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1370 (2010) ("There is no cause of action in California for unjust enrichment.");

*McBride v. Boughton*, 123 Cal.App.4th 379, 387 (2004).[13]  It is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself.  *See Melchior v. New Line Prods., Inc.*, 106 Cal.App.4th 779, 793 (2003); *see also Jogani v. Super. Ct.*, 165 Cal.App.4th 901, 911 (2008).  Because it is not a cause of action, it stated no claim for relief and was correctly dismissed.  *See* E.R. 426.

The district court properly dismissed the section 17200 claim.  Samzelius's allegation about a faulty transfer of his loan or MERS's involvement in it does not allege facts constituting any unfair, unlawful, or fraudulent conduct.

## D.    The District Court Properly Dismissed The FAC's Remaining Causes Of Action Because They Were Asserted Without Leave To Amend

The FAC's final three causes of action, for extortion, wrongful foreclosure, and quiet title, were properly dismissed on the merits and because "[t]he [district court] did not give Plaintiff leave to bring additional claims."  E.R. 427.

These claims were asserted in violation of Federal Rule of Civil Procedure 15(a) and the district court correctly dismissed them on this basis.  *See Hoover v. Blue Cross & Blue Shield of Alabama*, 855 F.2d 1538, 1544 (11th Cir. 1988) (a

---

[13] *See also Mobine v. OneWest Bank, FSB*, 2012 WL 243351, *7 (S.D. Cal. 2012) ("California does not recognize a *cause of action* for unjust enrichment."); *Low v. LinkedIn Corp.*, 900 F.Supp.2d 1010, 1031 (N.D. Cal. 2012) ("California does not recognize a stand-alone cause of action for unjust enrichment …."); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sale Practices, & Prods. Liab. Litig.*, 754 F.Supp.2d 1145, 1194 (C.D. Cal. 2010) ("Courts consistently have held that unjust enrichment is not a proper cause of action under California law.").

court need not consider additional claims in an amended complaint when leave to amend had not been granted); *McReynolds v. HSBC Bank USA*, 2012 WL 5868945, \*5 (N.D. Cal. 2012); *Derusseau v. Bank of Am., N.A.*, 2012 WL 1059928, \*7 (S.D. Cal. 2012); *Taylor v. City of San Bernardino*, 2010 WL 5641065, \*7 (C.D. Cal. 2010); *see generally United States v. Healthsouth Corp*., 332 F.3d 293, 296 (5th Cir. 2003) (failing to obtain leave when required is more than a technical deficiency, it renders any claim or pleading without legal effect); *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (same).

The claims are wanting on the merits too. Extortion is "obtaining of property from another, with his consent, or the obtaining of an official act of a public officer, induced by a wrongful use of force or fear, or under color of official right." Cal. Penal Code § 518. Samzelius does not allege any "wrongful use of force or fear." *Stansfield v. Starkey*, 220 Cal.App.3d 59, 78 (1990). He avers only that defendants falsely represented their right to collect payments on the loan. *See* E.R. 244-46. Moreover, this extortion claim, as well as the wrongful foreclosure claim, are simply additional vehicles for asserting that defendants had no interest in the note or right to foreclose. E.R. 246-47. Because this contention is faulty, so too claims based on it.

Finally, any quiet title claim is defective because Samzelius has not paid the debt secured by the property. *See, e.g., Stebley v. Litton Loan Servicing, LLP*,

202 Cal.App.4th 522, 526 (2011) ("Allowing plaintiffs to recoup the property without full tender would give them an inequitable windfall, allowing them to evade their lawful debt."); *Bartold v. Glendale Fed. Bank*, 81 Cal.App.4th 816, 821 (2000) ("Legal title to the property is held by a trustee until the loan is repaid in full."); *Miller v. Provost*, 26 Cal.App.4th 1703, 1707 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee.")[14]

The final three causes of action, asserted without leave, stated no claims for relief. The district court correctly dismissed.

## X.

### CONCLUSION

For the reasons stated above, the Court should affirm the judgment. Samzelius's FAC was properly dismissed. Leave to amend was correctly denied.

---

[14] *See also Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) ("It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974) (a trustor under a deed of trust cannot "quiet title without discharging his debt. The cloud upon his title persists until the debt is paid."); *Bradbury v. Thomas*, 135 Cal.App.2d 435, 445 (1933) ("The only method for [mortgagors who are seeking to quiet their title against a mortgagee] is to pay the debt which [the mortgage] secures.").).

DATED:  June 17, 2013                SEVERSON & WERSON
                                     A Professional Corporation


                                     By:    _____/s/ Jon D. Ives_____
                                                    Jon D. Ives

                                     Attorneys for Defendants and Appellees
                                     Wells Fargo Bank, N.A. and Bank of America,
                                     N.A., as Successor by Merger to LaSalle Bank
                                     National Association as Trustee for Morgan
                                     Stanley Loan Trust 2006-3AR

# STATEMENT OF RELATED CASES

Defendants and appellees are unaware of any cases that are now pending or were pending in this Court which are related to this appeal.

Dated: June 17, 2013


/s/ Jon D. Ives
Jon D. Ives

# CERTIFICATE OF COMPLIANCE
## With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements
[Fed. R. App. P. 32(a)(7)(B)]

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), because this brief contains 6,523 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word for Windows 2010, in Times New Roman, 14 point type.

Dated:  June 17, 2013

_____
*/s/ Jon D. Ives*
Jon D. Ives